■ In the Matter of JOHN WARBURTON, Appellant, v DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [680 NYS2d 26] —Appeal from a judgment of the Supreme Court (Donohue, J.), entered February 12, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondents denying his requests for an earned eligibility certificate and parole release.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding seeking review of two determinations which denied his applications for an earned eligibility certificate and parole release. Supreme Court dismissed petitioner's application and this appeal ensued.

In denying petitioner parole release, respondent State Board of Parole considered the appropriate factors including petitioner's prison disciplinary record, criminal history, plans for release and failure to address his drug dependency by pursuing available treatment programs (*see*, Executive Law § 259-i [2] [c]; *Matter of Borruso v Russi*, 227 AD2d 715; *Matter of Flecha v Russi*, 221 AD2d 780, *lv denied* 87 NY2d 806). More-

over, petitioner has failed to establish that he was denied any constitutional protections that would warrant disturbing the Parole Board's determination.

Furthermore, Supreme Court correctly concluded that petitioner's challenge to respondent Commissioner of Correctional Services' determination denying him an earned eligibility certificate was untimely. Petitioner was denied an earned eligibility certificate in January 1997 and the record reveals that petitioner filed the executed order to show cause and supporting papers in October 1997, well beyond the four-month Statute of Limitations period (see, CPLR 217; see also, Matter of Allah v Goord, 252 AD2d 615).

Petitioner's remaining contentions have been reviewed and found to be devoid of merit.

Cardona, P. J., Mikoll, Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.